

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Board of Insurance Commissioners
Austin, Texas

Gentlemen:                    Attention of Mr. George Van Fleet

Opinion No. G-2285
Re: If after the mentioned transactions
a Texas stock life insurance company
becomes a mutual life insurance
company, shall it be governed in
accordance with the provisions of
Chapter 7, Title 78 R. C. S.?

Your recent request for an opinion of this Depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"This Department's long standing interpretation of
a part of Article 4871a, which was a part of the Acts of
1931, Forty-second Legislature, Page 200, Chapter 118,
has been questioned by interested persons, and at their
request we are submitting to you the questions involved.

"The article referred to provides plans and procedures
to be followed for changing a stock insurance company to a
mutual insurance company. . . .

"It has long been the opinion of this Department that
upon the completion of the various requirements referred to
that such a company in becoming a mutual insurance corpora-
tion, if a life insurance company, shall thereafter become
subject to the provisions of Chapter 7, Title 78, Revised
Civil Statutes of 1925.

"While there is no application or plan pending before
this Department, interested parties desire to know that if
such a plan is proposed and the various transactions
required by law consummated, if thereafter such a Texas
stock life insurance company shall become a mutual life

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Board of Insurance Commissioners, page 2

"insurance company whether or not it shall be governed in accordance with the provisions of Chapter 7, Title 78, Revised Civil Statutes of 1925, assuming, of course, that both Article 4871a in its present form and Chapter 7, Title 78, in its present form are still on the books as effective laws.

"Your opinion to the above question is most respectfully requested."

Article 4871a, Vernon's Annotated Civil Statutes, provides the plan for changing a stock insurance company to a mutual insurance company. Section 2 of Article 4871a, supra, reads in part as follows:

"If any insurance corporation shall determine to become a mutual insurance corporation in accordance with the provisions of Section 1 of this Act, it may, in carrying out any plan to that end under such provisions, acquire any shares of its own stock by gift, bequest or purchase; and until all of such shares are acquired, any share so acquired shall be acquired in trust for the policyholders of the corporation as hereinafter provided, and shall be assigned and transferred on the books of the corporation to three trustees and be held by them in trust and be voted by such trustees at all corporate meetings at which stockholders have the right to vote, until all the capital stock of such corporations is acquired, and the purchase price therefor, including all annuity bonds issued on account thereof shall be fully paid off, whereupon the entire capital stock shall be retired and cancelled, and thereupon the corporation shall be and become a mutual insurance corporation without capital stock, and shall thereafter be controlled by the laws of Texas governing such mutual companies." (Underscoring ours)

We quote from Texas Jurisprudence, Volume 39, page 160, as follows:

"Resort may be had to the canons of construction when necessary to determine the meaning of an ambiguous statute. But a court will not assume to construe or interpret a statute if there is no necessity for it to do so, that is, if the statute is susceptible of but one construction. On the contrary, it is settled by many decisions that there

"is no room for construction when the law is expressed
in plain and unambiguous language and its meaning is
clear and obvious. In such a case the law will be applied
and enforced as it reads, regardless of its policy or
purpose, or the justice of its effect. In other words,
a court is not authorized to indulge in conjecture as
to the intention of the Legislature, or to look to the
consequences of a particular construction, unless the
meaning of the statute is doubtful."

As stated in your inquiry, it has long been the
departmental construction of the Board of Insurance Commis-
sioners that upon the completion of the various requirements
referred to in Article 4871a, supra, when a stock insurance
company becomes a mutual insurance company, said company
shall thereafter become subject to the provisions of Chapter 7,
Title 78, Revised Civil Statutes of 1925.

We have been unable to find where the courts of
this State have passed upon the question under consideration.
Therefore, certain consideration must be given to the depart-
mental construction as heretofore mentioned.

Again we quote from Texas Jurisprudence, Volume 39,
page 235, as follows:

"The courts will ordinarily adopt and uphold a con-
struction placed upon a statute by an executive officer
or department charged with its administration, if the
statute is ambiguous or uncertain, and the construction
so given it is reasonable. In other words, the judiciary
will adhere to an executive or departmental construction
of an ambiguous statute unless it is clearly erroneous
or unsound, or unless it will result in serious hardship
or injustice, although it might otherwise have been in-
clined to place a different construction upon the act."

The rule above stated is particularly applicable
to an administrative construction of long standing, where
valuable interests or rights have been acquired or contracts
have been made, or where a law that has been uniformly construed
by those charged with its enforcement has been re-enacted without
a change of language.

Board of Insurance Commissioners, page 4

Section 2 of Article 4871a, supra, specifically provides that "and thereupon the corporation shall be and become a mutual insurance corporation without capital stock, and shall thereafter be controlled by the laws of Texas governing such mutual companies."

We think the above mentioned statute is clear and unambiguous and that there is no necessity to construe or interpret said statute. However, upon the other hand, if it could be contended that said statute was ambiguous and uncertain, in the absence of a court decision, we would be compelled to give due consideration to the departmental construction of long standing, which has been placed upon said statute.

You are respectfully advised that it is the opinion of this Department that when a stock life insurance company meets the various requirements that are set forth in Article 4871a, supra, and becomes a mutual life insurance company, said company shall thereafter be subject to the provisions of Chapter 7, Title 78, Revised Civil Statutes.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED AUG 19, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AMT


APPROVED
OPINION
COMMITTEE
CHAIRMAN